STATE OF NEW JERSEY, v. JOSEPH CHIARELLO AND
ANGELO COVELLO, DEFENDANTS.

Hudson County Court
Law Division (Criminal)

Decided July 1, 1954.

*Mr. Frederick T. Law,* Prosecutor of the Pleas, for the State.

*Mr. William A. O'Brien,* Assistant Prosecutor of the Pleas, of counsel with the State.

*Mr. James F. McGovern, Jr.,* attorney for defendants.

DREWEN, J. C. C. These defendants were tried by a jury and found guilty of assault and battery. The verdict was rendered expressly under the second count of the indictment, the first count charging atrocious assault and battery. Defendants move to set the verdict aside on the ground (a) that it is against the weight of the evidence and (b) that this court is without jurisdiction to pronounce sentence on the verdict as rendered by reason of the provisions of *N. J. S.* 2A:170–26, as the same are emphasized by *N. J. S.* 2A:85–1. The second of these grounds will be considered first.

*N. J. S.* 2A:170–26 reads: "Any person who commits an assault or an assault and battery is a disorderly person." *N. J. S.* 2A:85–1 reads: "Assaults, batteries, false imprisonments, affrays, riots, routs, unlawful assemblies, nuisances, cheats, deceits, and all other offenses of an indictable nature at common law, *and not otherwise expressly provided for by statute, are misdemeanors.*" (Italics added.) The effect of these enactments is unquestionably, within the legislative import that I find in them, to reduce the formerly known misdemeanors of assault and assault and battery to the category of disorderly conduct, to place these offenses within the jurisdiction of the local magistrate, and to render them cog-

nizable for summary disposition, that is without indictment or jury trial. Had the present indictment contained no more than the charge of assault and battery, it is my opinion that the motion would have to prevail; but as indicated, that is not the case.

The clearest distinction must be observed, I think, between a situation like this where assault and battery is presented as an ingredient or constituent element of a greater offense, and one where the charge is assault or assault and battery exclusively. Jurisdiction must be judged in relation to what it is that the court has before it for trial. Here there was an indictment for atrocious assault and battery, the court's jurisdiction over which is indisputable; and once this jurisdiction attaches it cannot be reduced or impaired, I am convinced, so as to divest the court of the power and authority to deal judicially with a resulting conviction of assault and battery, within the limits of the punishment prescribed by the moderating statute. We are dealing with a peculiar problem, created by the legislative innovation. It is fundamental that a jurisdiction, especially one long founded, is not to be annulled by mere inference or implication or on dubious grounds, and statutes claimed to be in derogation of it must have strict construction. *N. J. S.* 2*A* :170–26, moreover, has definite limitations of its own. It deals with each of its subject offenses absolutely *per se*. There is no hint of their being contemplated as elements of higher crime nor of their being thought of as factors in problems arising out of such a relation, as in the case before us. The statute makes no provision for that contingency, and for all that appears it is oblivious of its possibility. Meanwhile, within that omission, the ancient jurisdiction must, as I see it, stand unaffected.

Were the intent of *N. J. S.* 2*A* :170–26 to be carried as far as these defendants urge, the result would operate in this and all similar cases to bring extensive defeat to the lawmakers' aim, as I believe will be plainly shown. An elementary principle of interpretation forbids us to assume unnecessarily

that the Legislature intended its enactment to be so drastically at cross purposes with itself.

■■ From its inception and until the pronouncement of the verdict the charge here was one of atrocious assault and battery; and we are bound to assume in all cases that the testimony heard by the grand jury was such as to establish *prima facie* the crime for which the indictment was presented. When trial of the indictment is moved, no constituent of the criminal act or episode in issue is or can be prescinded. And the traverse of an indictment goes unavoidably to every element to which the plea of "not guilty" is directed. Assault and battery was so imbedded in the present charge that no theory ascribable to the statute could have removed it nor, indeed, could ever have prevented it from becoming so imbedded.

■ The logic of defendant's motion is far-reaching. It urges in effect that in any prosecution of a crime embodying the element of assault and battery—and such crimes, as need not be pointed out, are numerous, varied and heinous—a resultant verdict of assault and battery must in and of itself render the court destitute of further authority to deal with the offense thus established, even within the penalty as reduced. It is plain to me that such could never have been the legislative intent. Clear instruction on this point is implicit in the Supreme Court's dissertation in *State v. Maier*, 13 *N. J.* 235 (1953). The legislative plan was, in addition to that specifically set forth in the majority opinion (*Ibid.*, *pp.* 242–3), undoubtedly to relieve the administration of the criminal law of an avoidable burden by making a wider allotment of the commonplace lesser misdemeanors in question to the jurisdiction of the magistrates. Where, in a prosecution in a county or Superior Court for a higher and inclusive crime, defendant is found guilty of an assault and battery, the very nature of the situation thus created demands, in my opinion, the granting to the trial court of the power to make final disposition of the case ultimately resolved before it. First, there are the manifest considerations of public

policy involved in obviating for complaining witnesses the burden of instituting needless and possibly fruitless proceedings anew, assuming they would be at all disposed to do anything further about it. In this connection we cannot overlook the concern expressed in the majority opinion in the *Maier* case (*p.* 253) "for continuing lawlessness on the part of the unpunished offenders." And we need not emphasize the deeper gravity of the situation where the unpunished offender is one who has been actually convicted of his offense, but in a court that is powerless to pronounce judgment thereon, though fully vested with jurisdiction to try him on all aspects of the charge in the first instance. Secondly, assuming the reinstitution of proceedings before the magistrate, there is the important matter of avoiding plural prosecution, whether double jeopardy is or is not to be properly discerned as part of the problem. The allowance of these considerations in favor of the upper courts' continued jurisdiction in the circumstances here dealt with would accord entirely with the legislative design, while their denial would seriously work to impede it. I think it should not be overlooked that what concerns us in this matter is not so much a substantive alteration of the criminal law as the enactment of a legislative policy for its more efficient administration.

If it be suggested that the jury in a case of this kind be instructed by the court to abstain from any finding whatever respecting the lesser crime, restricting its verdict to the higher and inclusive one, the answer is that such a course would obviate none of the inherent evil. The suggestion of such a course does, however, point up the serious repugnance in the statute that the present motion imputes to it.

 Upon the argument it was contended that what the court has before it is an exclusive case of assault and battery, since that is the charge as framed separately in the second count upon which the verdict was expressly rendered. I find the contention to be without merit. A separate count for assault and battery secondary to a prior count for a crime that includes assault and battery is surplusage, for the reason

that such a second count contains nothing that is not entirely within the scope of the first count. (See *State v. McDonald,* 89 *N. J. L.* 421 (*Sup. Ct.* 1916), affirmed 91 *N. J. L.* 233 (*E. & A.* 1918); *State v. Midgley,* 15 *N. J.* 574 (1954).

Two further observations are in order. The impressively close conflict of views in the *Maier* case (*supra*) would also seem to forbid anything like dogmatic confidence in extending the statutory innovation here in question as far as the present motion would have it go. And finally, there is the difficulty that has to do with what in many cases is the indiscernible line that separates assault and battery from atrocious assault and battery, the nature of this uncertainty being such as to account legitimately for numerous atrocious assault and battery indictments in doubtful borderline cases.

 Coming to the question of weight of evidence, an examination of the transcript discloses nothing that in my judgment would warrant the court's disturbing the verdict. It is elementary that neither disagreement by the court with the jury's view of the proofs as reflected in the verdict nor the fact that the judge sitting without a jury would have come to a different conclusion can justify the substitution of the court's appraisal of the evidence for that which the jury has expressed. I do not hesitate to say that, in my opinion, the evidence of alibi in the case of Chiarello was strongly persuasive. Nevertheless I cannot see but that the evidential situation as a whole, with the conflicts presented, affords no ground for my holding as matter of law that the verdict was against the clear weight of the evidence. As for the defendant Covello, he did not offer himself as a witness and was not the subject of alibi proof.

 The jury were not undiscriminating. The fact is that had they believed the testimony of the State's complaining witness in all its details, a conviction for atrocious assault and battery would have been justified; from which it follows that some of the State's proof must have been rejected.

The motion to set aside the verdict is denied.